**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Lyvly, Inc., and Tutus Holdings, Inc.,

Plaintiffs,

v.

Lift Bridge Brewing Technologies LLC,

Defendant.

Case No. 25-cv-1835-SRN-EMB

**ORDER**

---

Plaintiffs Lyvly, Inc. and Tutus Holdings, Inc. bring this motion to compel. (Dkt. No. 70.) Defendant Lift Bridge Brewing Technologies LLC ("Lift Bridge") opposes the motion. For the reasons below, Plaintiffs' motion is GRANTED in part and DENIED in part.

## I. Background

This lawsuit involves alleged misappropriation of trade secrets and fraud related to cannabinoid-infused beverages. Judge Nelson and I have previously detailed the background facts in this matter, and I incorporate those descriptions here. (*See generally* Dkt. Nos. 47, 64.)

Several months ago, Judge Nelson granted Plaintiffs' motion for relief under Rule 56(d) and ordered additional discovery limited to issues and testimony raised in a related state court trial in Washington County. (Dkt. No. 64.) Following Judge Nelson's order, Plaintiffs served twenty-four new requests for production. And for the first time in this case, Plaintiffs served interrogatories—fourteen of them. (Dkt. No. 74-1). Lift Bridge responded with objections, provided narrow responses to some interrogatories, and produced no documents. (Dkt. No. 74-2.) Lift Bridge's response primarily relied on two general objections outlining its position on (1) the discovery permitted under Judge Nelson's order and (2) Plaintiffs' trade secret definition. After the parties met and conferred regarding these issues, Plaintiffs moved to compel. (Dkt. No. 70.)

At the motion hearing on October 5, 2026, I ruled on Lift Bridge's two general objections. Section III of this written order reiterates my ruling on those objections.

After dispatching with the general objections, I addressed Plaintiffs' thirty-eight discovery requests. The parties agreed that with my ruling on the general objections, and some guidance on a sampling of discovery requests, they could work together on the remaining discovery. I reviewed several interrogatories with the parties and gave each party the opportunity to outline their respective positions and provided guidance on the permissible

scope of each request. This review generally instructed the parties on how I would rule on the rest of these discovery requests if required to. At the close of the hearing, I instructed Lift Bridge to update its responses—with my guidance in mind—to each of the fourteen interrogatories and produce any associated documents. The parties agreed to a future meet and confer as to the adequacy of the responses.

## II. Legal Standard

Parties are typically permitted to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party seeking discovery may compel a response if the opposing party fails to answer an interrogatory or produce documents. *See* Fed. R. Civ. P. 37(a)(3)(B).

Under Federal Rule of Civil Procedure 56(d), a court may defer consideration of a summary judgment motion or allow time for discovery if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition. *See Marlow v. City of Clarendon*, 78 F.4th 410, 416 (8th Cir. 2023). For the court to grant such relief, the party opposing summary judgment must "show what specific facts further discovery might unveil." *United States ex rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002) (internal quotation marks and citation omitted).

## III. Discussion

### A. Lift Bridge's first general objection is overruled.

Lift Bridge's first general objection to Plaintiffs' discovery requests states that the requests are "not within the limitations set by Judge Nelson's Order." (Dkt. No. 74-2, at 1.) Lift Bridge argues discovery following Judge Nelson's Rule 56(d) order must be limited to issues and testimony raised in the Washington County trial relating to "facts that were previously unavailable" to Plaintiffs. (*See* Def. Br. 2, 25; SRN Order 9.)[1] Lift Bridge interprets this language quite narrowly to foreclose discovery into any topic that Plaintiffs could have investigated prior to the Washington County trial. In fact, Lift Bridge's interpretation of the scope of the order is so narrow as to preclude any future discovery, as evidenced by its refusal to produce documents or substantively respond to interrogatories.

On the other side, Plaintiffs argue that Judge Nelson's order permits discovery into all the "issues and testimony raised in the Washington County trial." (*See* Pls. Br. 7; SRN Order 11.) Plaintiffs interpret "issues and

[1] Lift Bridge's first general objection reiterates many of the arguments raised before Judge Nelson during the Rule 56(b) motion. Judge Nelson already ruled on these arguments. She found that Plaintiffs were eligible for Rule 56(d) relief "by proffering essential facts that were previously unavailable." (SRN Order 9.) And she found that "some of [the trial] testimony appears to contradict testimony in the record of this case." (*Id.* at 10.) I will not reconsider issues decided by Judge Nelson.

testimony" expansively as permitting discovery into any topic that was at issue or testified to at trial. The expansive nature of Plaintiffs' interpretation is demonstrated most clearly by the array of thirty-eight broad discovery requests Plaintiffs issued following the order.

I view Judge Nelson's order differently than either party. First, the order plainly contemplates some further discovery. (*See* SRN Oder 11 ("The parties are ORDERED to . . . establish a schedule for additional discovery, limited to issues and testimony raised in the Washington County trial."). Consequently, Lift Bridge's position that no more discovery is warranted is incorrect. *See Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 531 (8th Cir. 1999) ([D]iscovery requests must be enforced to ensure that the other party has access to adequate information to respond to a motion for summary judgment."). But Plaintiffs' stance that discovery is reopened into all "issues and testimony" raised during trial without clear limitation is likewise incorrect. *See Roark v. City of Hazen*, 189 F.3d 758, 762 (8th Cir. 1999) (Rule 56(d) relief requires "showing what *specific* facts further discovery might uncover") (emphasis added). While Judge Nelson reopened discovery into the "issues and testimony" raised at trial, she limited the scope of that discovery by the terms of her order. Therefore, the scope of future discovery in this matter is neither as expansive as Plaintiffs assert nor as narrow as Lift Bridge argues.

Judge Nelson's order provides the basis for drawing a line between the parties' positions. Footnote two of her order identifies five categories of discovery that require supplementation based on Plaintiffs' representations regarding the Washington County trial. These are: "(1) Lift Bridge's standard manufacturing process, if any, for commercial production of cannabinoid beverages as of May 9, 2022, in light of recent trial testimony that some of the assets that Lift Bridge purportedly transferred at that time did not exist; (2) documents relating to the BELIEVER series; (3) documents showing any differences in the manufacturing processes for the Lyvly beverages as compared to Lift Bridge's own cannabinoid beverages; (4) references to cannabinoid beverages in pitch decks or other materials designed for investors or prospective investors in Lift Bridge and/or its upcoming new manufacturing facility in Hudson, Wisconsin; and (5) revenue and other financial information relating to Lift Bridge's sales of its own cannabinoid beverages for calendar year 2025 and beyond." (SRN Order 7 n.2.) These five categories outline the proper scope of future discovery.

I conclude that further discovery into the "issues and testimony raised in the Washington County trial" is limited to the five topics found in footnote two. Thus, the twenty-four document requests and fourteen interrogatories at issue in this motion must reasonably relate to one of these five categories.

Lift Bridge's first general objection is overruled.

**B. Lift Bridge's second general objection is overruled.**

Lift Bridge's second general objection to Plaintiffs' discovery requests states that Plaintiffs failed to better define their trade secrets as required by my previous order. (*See* Order on Mot. to Compel (Dkt. No. 47) 5–6.) I disagree.

As discussed in my previous order, the issue of defining the trade secret(s) at issue in this case is contingent on productions from both parties. (*See Id.* at 7 ("Lyvly suggests it can't [specifically describe the trade secret] because Lift Bridge never actually turned over the bargained-for trade secrets.").) Even so, I ordered Plaintiffs to more specifically describe the trade secret so as to guide Lift Bridge's productions. *See Porous Media Corp. v. Midland Brake Inc.*, 187 F.R.D. 598, 600 (D. Minn. 1999) ("Failure to identify the trade secrets with sufficient specificity renders the Court powerless to enforce any trade secret claim."). This was done with the understanding that an iterative process may be necessary to develop a "refined and sufficiently particularized trade secret identification." (*Id.* at 6–7 (citation omitted)); *see generally Pelant v. Pinnacle Airlines, Inc.*, No. 05-1173 MJD/AJB, 2005 WL 8164082, at *1 (D. Minn. Dec. 20, 2005) ("Under the Rules of Federal Procedure, the court has broad discretion in determining the scope and manner of discovery depending on the particular circumstances of each case.") (citation and quotation marks omitted).

Plaintiffs complied with my previous order. They served supplemental responses on December 4, 2025, and January 30, 2026, offering at least some guidance on Plaintiffs' trade secret definition. Now, Lift Bridge must do its best to produce responsive documents based on the definition provided.

Lift Bridge's second objection is overruled.

## IV. Conclusion

Based on the foregoing and on the record and proceedings herein, IT IS HEREBY ORDERED that Plaintiffs' motion to compel (Dkt. No. 70) is GRANTED in part and DENIED in part as follows:

- Lift Bridge's first and second general objections are overruled.
- Lift Bridge is directed to update its responses to Plaintiffs' interrogatories on or before October 19, 2026, and produce any associated documents.
- The parties are instructed to meet and confer regarding those responses as well as Plaintiff's requests for production on or before October 26, 2026.
- All other relief requested by Plaintiffs is denied without prejudice to revisit if necessary following Lift Bridge's responses and a robust meet and confer process.

Date: October 16, 2026

*s/ Elsa M. Bullard*
Elsa M. Bullard
United States Magistrate Judge